# In the United States Court of Federal Claims

No. 19-317C

(Filed: March 12, 2019)

**UNPUBLISHED**

<table>
<tr><td>

SAMANTHA RAJAPAKSE,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

Pro Se Complaint; Sua Sponte Dismissal for Want of Subject-Matter Jurisdiction, RCFC 12(h)(3).

</td></tr>
</table>

ORDER

The following filings are currently before the court in this matter:  (1) the complaint of pro se plaintiff Samantha Rajapakse, ECF No. 1, filed February 25, 2019; (2) plaintiff's application to proceed in forma pauperis, ECF No. 4, also filed February 25, 2019.  Because the court lacks subject-matter jurisdiction over plaintiff's claims, the court must dismiss this case sua sponte pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC).  See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The court's jurisdictional analysis is set forth below.

I.      Background

Plaintiff's complaint is comprised of two distinct documents.[1]  First, there is a complaint form.  See ECF No. 1 at 1-3.  Second, there is a narrative complaint, which identifies a number of federal officials, along with the following defendants:  the United States of America, United States House of Judiciary, Sixth Circuit Court of Judiciary Conduct, and Congressman Chuck Fleishman.  The court has considered both of these documents for its analysis of jurisdiction.  Significantly, there is no request for monetary relief in the complaint.

---

[1]      In addition, a civil cover sheet is attached to the complaint.  See ECF No. 1-1.

The primary focus of the complaint is on the treatment Ms. Rajapakse received from a magistrate judge of the United States District Court for the Eastern District of Michigan.  See, e.g., ECF No. 1 at 1-3 (alleging that plaintiff was denied "equal protection" by the magistrate judge); id. at 5 (accusing the magistrate judge of abuse of authority, perjury, concealing and tampering with evidence, and "judiciary misconduct"); id. (seeking the impeachment of the magistrate judge).  The secondary focus of the complaint is on the failure of the United States Court of Appeals for the Sixth Circuit, and other federal officials, to either punish the magistrate judge for her conduct or to safeguard plaintiff's rights as a pro se litigant.  Id. at 13-14.  The relief requested in plaintiff's complaint is as follows:

1. Served the parties named in this complaint filed by the Plaintiff.
2. Defendants answer Plaintiff's complaint
3. The court order the House of Judiciary to initiate and investigation of
4. The court have a concurrent jurisdiction to monitor Plaintiff case filed.
5. The court grant other relief to protect Plaintiff's rights.

Id. at 14.

II.     Pro Se Litigants

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading.  Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

III.    Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt."  Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).  The Tucker Act delineates this court's jurisdiction.  28 U.S.C. § 1491 (2012).  That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States."  Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort.  Id. (citing 28 U.S.C. § 1491(a)(1)).

IV.     Analysis

Plaintiff's complaint alleges violations of Ms. Rajapakse's constitutional rights, such as the right to equal protection under the law, by the magistrate judge.  It is well settled that violations of a plaintiff's constitutional rights by a federal official do not fall within this court's jurisdiction.  Brown v. United States, 105 F.3d 621, 624 (Fed. Cir.

1997).  Further, claims asserting a violation of the due process and equal protection guarantees of the United States Constitution are not within the jurisdiction of this court. Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988).

The complaint could also be read to allege that the magistrate judge's conduct violated criminal laws, such as laws sanctioning perjury and conspiracy.  ECF No. 1 at 5, 12.  However, it is well-established that this court lacks jurisdiction over criminal matters.  See Moore v. United States, 94 Fed. Cl. 456, 463 (2010) (citing Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994), Mendes v. United States, 88 Fed. Cl. 759, 762 (2009), and McCullough v. United States, 76 Fed. Cl. 1, 4 (2006)), aff'd, 419 F. App'x 1001 (Fed. Cir. 2011).

In addition, to the extent that plaintiff requests that this court "monitor" district court proceedings, ECF No. 1 at 14, or review the actions of courts which have failed to punish the magistrate judge, this court has no jurisdiction to serve in that role.  It is well-established that the Court of Federal Claims lacks jurisdiction to review the decisions of other federal courts.  See Allustiarte v. United States, 256 F.3d 1349, 1351-52 (Fed. Cir. 2001) (holding that the Court of Federal Claims lacked jurisdiction to adjudicate a takings claim based on "an allegedly improper action by a bankruptcy trustee that was approved by a Ninth Circuit bankruptcy court"); Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims 'does not have jurisdiction to review the decisions of district courts.'" (quoting Joshua, 17 F.3d at 380)).

As for plaintiff's allegations that sound in judicial misconduct, the court notes that its jurisdiction does not include the power to adjudicate judicial misconduct claims against federal judges serving at a district court, or the power to compel Congress to initiate impeachment proceedings against a federal judge.  As this court has held, claims alleging judicial misconduct in district courts must be brought in the federal appeals court that supervises that district court; such claims cannot be brought in this court.  See Smith v. United States, No. 04-1685C, 2005 WL 6114553, at *2 (Fed. Cl. May 31, 2005). Further, this court has held that claims "for the impeachment of federal officials" are beyond the scope of the court's jurisdiction.  Hicks v. United States, 118 Fed. Cl. 76, 82 (2014).

Finally, the court notes that the complaint does not seek money damages for the violation of a money-mandating source of law.  This aspect of the complaint, too, shows that there is no jurisdiction for plaintiff's suit in this court.[2]  See James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) ("[A] Tucker Act plaintiff must assert a claim under a

---

[2]     Ms Rajapakse received much of this information regarding the limits of this court's jurisdiction in a previous dismissal.  Rajapakse v. United States, No. 13-391C, 2013 WL 6039045, at *2-4 (Fed. Cl. Oct. 23, 2013).

separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (citations omitted). Because there is no jurisdiction in this court for plaintiff's claims, her suit must be dismissed.[3]  RCFC 12(h)(3).

V.     Conclusion

The complaint in this case must be dismissed on jurisdictional grounds. Accordingly, plaintiff's application to proceed in forma pauperis. ECF No. 4, is **GRANTED** for the limited purpose of determining this court's jurisdiction.  The clerk's office is directed to **ENTER** final judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject-matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge

---

[3]     The complaint indicates that it was also intended for the United States District Court for the District of Columbia.  See ECF No. 1 at 5 (addressing plaintiff's claims "TO THE UNITED STATES DISTRICT COURT OF COLOMBIA"); see id. at 9 (referencing federal question jurisdiction, which is available in district courts, but which is unavailable in this court).  Indeed, on February 4, 2019, Ms. Rajapakse filed a suit in the district court which names the same defendants as those named in this suit.  See Rajapakse v. United States, No. 1:19-cv-00326-UNA (DDC filed Feb. 4, 2019).  If that suit presented the same claims to the district court, jurisdiction in this court is precluded for an additional and distinct reason -- the pending suit in the district court.  See 28 U.S.C. § 1500 (2012).