# In the United States Court of Federal Claims

No. 19-317C

(Filed: September 16, 2019)

**NOT FOR PUBLICATION**

| | |
|---|---|
| SAMANTHA RAJAPAKSE, ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) ) | Pro Se Plaintiff; Motion for Reconsideration Deemed a Motion to Amend; Lack of Subject Matter Jurisdiction. |

ORDER

After this court dismissed plaintiff's complaint for want of subject matter jurisdiction on March 12, 2019, ECF No. 5 (order), on April 1, 2019, plaintiff filed a "Motion for Reconsideration Notice of Filing a Claim under the Federal Tort Act," see ECF No. 8. Although plaintiff's motion requests that the court reconsider its dismissal of her suit, there is no argument therein which suggests that the court's jurisdictional analysis of the original complaint was incorrect. Instead, plaintiff's motion submits a proposed amended complaint, which is generally alleged to "correct [the] jurisdiction [of] her complaint," ECF No. 8 at 1, and now states the plaintiff brings a claim under one of the procedural provisions of the Federal Tort Claims Act, 28 U.S.C. 2674 (2012) (FTCA), see id. at 2 ("Samantha Rajapakse presents a claim under [28 U.S.C. § 2674] of the Federal Tort Act against the United States."). The court therefore **DEEMS** plaintiff's motion for reconsideration to be a motion for leave to file an amended complaint.[1]

---

[1]   Even if plaintiff's motion were considered under the standard of review for a motion for reconsideration, it would be denied because Ms. Rajapakse has not shown that there has been an intervening change in controlling law, that she has discovered previously unavailable evidence, or that a manifest injustice could be prevented if the court reinstated her suit. E.g., Keeton Corr., Inc. v. United States, 60 Fed. Cl. 251, 253 (2004) (citation omitted).

The court cannot grant a plaintiff leave to file an amended complaint, however, if the proposed amendment is futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Here, there is no jurisdiction for the claims in plaintiff's proposed amended complaint. Thus, amendment of the complaint is futile and plaintiff's motion must be denied.

Plaintiff's motion is replete with citations to legal authority, but none of the sources of law cited by plaintiff can support this court's jurisdiction over Ms. Rajapakse's claims.[2] The amended complaint proffered by plaintiff is, by its nature, a set of factual allegations suggesting that a magistrate judge, and, subsequently, other federal officials, damaged plaintiff through tortious or criminal acts. See, e.g., Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994) ("Regardless of the characterization of the case ascribed by [the plaintiff] in its complaint, we look to the true nature of the action in determining the existence or not of jurisdiction." (citing Livingston v. Derwinski, 959 F.2d 224, 225 (Fed. Cir. 1992))). As the court explained in its previous order dismissing plaintiff's case, this court neither reviews the actions of federal judges nor enforces criminal laws. ECF No. 5 at 2-3. To the extent that plaintiff's amended complaint echoes such allegations in the original complaint, these are claims over which this court lacks subject matter jurisdiction. Id.

Turning to plaintiff's FTCA claim, ECF No. 8 at 1-2, 12, it is well-settled that tort claims, in general, cannot be brought in this court, and that FTCA claims, in particular, can only be brought in a federal district court. E.g., 28 U.S.C. § 1346(b)(1) (2012); 28 U.S.C. 1491(a)(1) (2012). As for civil rights claims brought pursuant to 42 U.S.C. § 1983 (2012), ECF No. 8 at 4-5, this court has no jurisdiction over such claims. E.g., Hover v. United States, 113 Fed. Cl. 295, 296 (2013) (citations omitted), aff'd, 566 F. App'x 918 (Fed. Cir. 2014). Finally, as to the violation of the Fifth Amendment to the United States Constitution that is alleged in the complaint, ECF No. 8 at 7, a claim for a taking of Ms. Rajapakse's property by the actions of a magistrate judge is not a claim that can be considered by this court. E.g., Campbell v. United States, 932 F.3d 1331, 1340 (Fed. Cir. 2019) (citations omitted); Allustiarte v. United States, 256 F.3d 1349, 1351-52 (Fed. Cir. 2001).

Because none of the claims asserted by plaintiff in the proposed amended complaint are within this court's jurisdiction, amendment of the original complaint, ECF No. 1, is futile. Accordingly, plaintiff's motion for reconsideration, **DEEMED** as a **motion for leave to file an amended complaint**, ECF No. 8, is **DENIED**. The clerk's office is directed to **RETURN** any further submissions from plaintiff in this matter that are not in accordance with this court's rules to plaintiff, **UNFILED**.

---

[2] The court has considered the entirety of plaintiff's motion and has found no claim within the jurisdiction of this court. Only the legal citations that have been addressed in more than a cursory fashion in the proposed amended complaint are addressed here.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge